IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-20206
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARION EUGENE FAIR,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-91-CR-0141
- - - - - - - - - -
August 15, 1997
Before KING, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Marion Eugene Fair, federal prisoner #59359-079, appeals from the denial of his motion to reduce his sentence because of an amendment to the sentencing guidelines, pursuant to 18 U.S.C. § 3582(c)(2). Fair contends that his presentence report (PSR) should be corrected to adjust his offense level for acceptance of responsibility and that amendment 433 to the sentencing guidelines should be applied to his case. Under that amendment, Fair argues, his firearm offense was not a "crime of violence" for purposes of the career-offender guideline.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fair raises his acceptance-of-responsibility contention for the first time on appeal; his contention is reviewed for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996)(en banc). FED. R. CRIM. P. 32 contains no provisions for post-sentencing correction of a PSR. Fair seeks modification of his sentence through an adjustment to his guideline offense level; his Rule 32 contention should be construed liberally as a request for relief pursuant to 28 U.S.C. § 2255.

Fair has had adverse judgments and appeals on two § 2255 motions. Had he raised his contention in the district court, his motion would have been subject to dismissal because Fair had not obtained leave of this court to file a successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A).

Fair was sentenced on January 17, 1992. Amendment 433, on which he relies, became effective November 1, 1991. U.S.S.G. app. C, amend. 433. 18 U.S.C. § 3582(c) applies only to cases in which a change to the guidelines became effective after a defendant was sentenced. Section 3582(c) does not apply to Fair's motion. Had the district court construed Fair's § 3582(c) motion as a § 2255 motion, the motion would have been subject to dismissal for failure to obtain leave of this court to file the motion. 28 U.S.C. § 2244(b)(3)(A). Moreover, Fair was sentenced as an armed career criminal pursuant to U.S.S.G. § 4B1.4(b)(3)(B), which makes no reference to § 4B1.2, the

section to which amendment 433 applies.  Fair's argument based on

amendment 433 therefore is without merit.

APPEAL DISMISSED.  5TH CIR. R. 42.2.